**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LA'SHADION SHEMWELL** | § | |
| **In his official capacity as a city council** | § | |
| **member, and his individual capacity as** | § | |
| **a voter in District 1, and FLORINE** | § | |
| **HENRY, and DEBRA FULLER,** | § | **Cause No. 4:20-cv-00687-SDJ** |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **CITY OF MCKINNEY, TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**PLAINTIFFS' RESPONSE/OPPOSITION TO DEFENDANT CITY OF MCKINNEY'S**</u>
<u>**MOTION TO DISMISS**</u>

**Blerim Elmazi, Esq.**
Texas Bar No. 24118375
**MERRITT LAW FIRM, LLC**
1910 Pacific Ave Suite 8000
Dallas, TX. 75021
Tel. (888) 647-3041
blerim@leemerrittesq.com

**S. Lee Merritt, Esq.**
PA Bar No. 314891
**MERRITT LAW FIRM, LLC**
1910 Pacific Ave Suite 8000
Dallas, TX. 75021
lee@leemerrittesq.com

**Shayan Elahi, Esq.**
Texas Bar No. 24080485
**Law Offices of Shayan Elahi**
13601 Preston Road Ste. E770
Shayan@elahilawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>PLAINTIFFS' RESPONSE IN OPPOSITION TO</u>
## <u>DEFENDANT'S MOTION TO DISMISS</u>

Plaintiffs file this Response in Opposition to the Motion to Dismiss filed by Defendant City of McKinney, Texas and would respectfully show the Honorable Court as follows:

COMES NOW, Councilman LA SHADION SHEMWELL, Ms. FLORINE HENRY, and Ms. DEBRA FULLER (collectively "Plaintiffs"), respectfully oppose Defendant, CITY OF MCKINNEY, TEXAS 's ("City"), Motion to Dismiss filed pursuant to F.R.C.P. 12(b)(6) (MTD). The Defendant has given several reasons for dismissal. In a nutshell, Defendant's Motion to Dismiss is based on a misunderstanding, or misconstruing of the plaintiffs' arguments and claims. Defendant's motion to dismiss essentially asks the Court to determine that Plaintiffs' claims fail as a matter of law.  Plaintiffs respectfully disagree with all of Defendant's reasoning and provides legal basis for their positions and urges this Court to deny Defendant's motion to dismiss.

## <u>STANDARD OF REVIEW</u>

In *Ashcroft v. Iqbal*, 556 U.S., 129 S.Ct. 1937 (2009), the Supreme Court tweaked the standard upon which to scrutinize challenges to pleadings under Fed. Civ. P. 12(b)(6), holding that a pleading needs to contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Two working principles underlie *Twombly*. First, the tenet that a Court must accept a

complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.* at 555; *see Christopher v. Harbury,* 536 U.S. 403, 406 (2002); *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). Legal conclusions must be supported by factual allegations in order for the court to assume their veracity and determine whether they plausibly give rise to an entitlement for relief. *Iqbal*, 129 S.Ct. at 1950.

Defendant is seeking to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiffs have failed to state a claim upon which relief may be granted. As this Court is well aware, Rule 12(b)(6) motions are "viewed with disfavor and . . . rarely granted." *Lowery v. Texas A&M Univ. System*, 117 F.3d 242, 247 (5th Cir. 1997). The Fifth Circuit has held that the granting of a Rule 12(b)(6) motion is "a precarious disposition with a high mortality rate." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982); *Barber v. MV Blue Cat*, 372 F.2d 626, 627 (5th Cir. 1967). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id*.; *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Whitley v. Hanna,* 726 F.3d 631, (5th. Cir. 2013). The Court's inquiry is limited to whether or not Plaintiff is entitled to offer evidence to support her claims and does not address whether Plaintiff will ultimately prevail on the merits. *Johnson v. Dallas Ind. Sch. Dist.,* 38 F.3d 198, 199 (5th Cir.1994).

Furthermore, under Federal Rule of Civil Procedure 8(a) & (e), Plaintiffs' Complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief, with such statement not being technical, but simply giving Defendant's fair notice of what

PLAINTIFFS' RESPONSE TO DEFENDANT'S                                    Page 3
MOTION TO DISMISS

the Plaintiffs' claim are, and the grounds upon which they rest. "The liberal notice pleading of Rule 8(a) is the starting point of the simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 999 (2002). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which a claim rests. To the contrary, all the rules require is 'a short and plain statement of the claim that will give notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (emphasis added).

A complaint "should not be dismissed for failure to state a claim [under Rule 12(b)(6)] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, 355 U.S. at 45-46; *see also Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997). The Fifth Circuit has held that the standard for granting Rule 12(b)(6) motions is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery,* 117 F.3d at 247 (*quoting* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)).

## LAW & ARGUMENT

**A. Defense Claim: Plaintiffs' cause of action under 42 U.S.C. § 1983 fails to state a claim for relief.**

1. Response: <u>*Plaintiff established Municipal Liability Under § 1983 – and can establish "Moving Force" Causation, connecting the City's actions to the discriminatory acts:*</u>

In the present case there is sufficient evidence that ties members of the City Council directly to the manipulation of the recall process due to their direct involvement in initiating the

recall petition and obtaining signatures. There exists a video of Mayor George Fuller, orchestrating and paying for petition signature gatherers in his own home. If the court were to allow this case to proceed on the merits, discovery may yield more evidence tying members of the city council and specifically the Mayor, of being the "moving force", behind the recall effort which they claim was merely "citizen driven." It is not to say that the City Councilmembers may not be "citizens" of the City, but that they collectively working as a unit to initiate a "recall petition" against an elected African American Councilmember, can be extrapolated as an official policy, based on evidence available, and discoverable.

**B. Defense Claim: Applicability of State Law Under § 1983 &   C. Defense Claim: McKinney's Home-Rule City Charter - Recall Petitions and Recall Elections.**

Defendant takes no issue with the ability of the city council to act on a petition under **§** 1983 and to set a recall election this argument is a red hearing to deflect from the larger accusation against the city for violating Section 2 of Voting Rights Act.  Also, there is a real concern as to whether this petition was "citizen initiated," as evidence is rife, due to the behavior of the City against the Councilmember Shemwell, on and off the record, that this recall petition was caused by a defacto "official policy" of the City.

**D. Defense Claim: Plaintiffs have failed to plead, and cannot plead, facts to show that any action by the City was the moving force behind their alleged injuries:**

As stated earlier, it is Plaintiffs' position that it is a nonissue as far as the Plaintiffs' are concerned that the city council had the authority to amend the charter once the petition was received and accepted by the city secretary, but the Defendant tries to deflect from the main issue

PLAINTIFFS' RESPONSE TO DEFENDANT'S                                    Page 5
MOTION TO DISMISS

which is not the authority of the city to amend the charter but the rational and the intent for which it was done.

If the city council is acting in unison against one council member in changing the rules in order to make it easier for them to remove another council member who was disfavored by them as a unit, then a reasonable argument can be made that the city council a.k.a. "City" was the moving force behind the injuries which here are clearly the violation of voting rights act in shape of voter dilution.

Once again, Defendant "City", would be hard pressed to bring any evidence that suggests that there was an independent moving force outside the members of the city council and spec the mayor who initiated the recall petition after manipulating and changing the recall procedure and laws. Independent citizenry has the right to recall but if the moving force behind the citizenry has political power to change rules in their favor that nexus establishes a "moving force causation".

**E. Defense Claim: Section 2 of the Voting Rights Act does not apply to recall election cases**

The case most relied on by the city is *McBride v. City of Jasper*, No. 1:11-cv-443, 2011 U.S. Dist. LEXIS 172650, at *17-18 (E.D. Tex. Oct. 20, 2011). The claim Defendants make is that the facts of that case are similar to the case at bar, however, Plaintiffs disagree. The following passage decimates that point entirely as agreed to as follows:

" … A violation of the one-person-one-vote principle could possibly arise if the recall elections for Councilmen Adams and Land were not limited to their respective districts, but the Ninth Court of Appeals ordered the city to limit those elections to the residents of the single-

member districts, and the city has represented that it will comply with that order. Thus, the individual residents of each single-member district have a vote that is equal in weight to the residents of the other districts - only the residents of a single-member district *may vote to elect* their single-member-district council member and only those residents *may vote in a recall election* for that council member."

*Jasper* stands for voter protection as it specifically mentions that a single member district deserves special status when it comes to recalls because if a member represents one district and then the remainder of the city is allowed to recall him/her, then there is  A violation of the one-person-one-vote principle and that is the case presented at hand. Hence, Defendants argument is flawed.

As detailed above, Plaintiffs have adequately plead their claims against Defendant City of McKinney. However, should this Court disagree, Plaintiffs requests leave to amend and address any deficiencies identified by the Court.

In accordance with Federal Rule of Civil Procedure Rule 15(a), leave to amend "shall be freely given when justice so requires," and "should be granted absent some justification for refusal." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Thus, leave should be given unless some combination of the following factors weighs heavily against amendment: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failures to cure deficiencies by prior amendment; (4) undue prejudice to the opposing party; and (5) the futility of the amendment. *See*

*U.S. ex rel. Hebert v. Dizney*, 295 Fed. Appx. 717, 724 (5th Cir. 2008). Here, none of these factors are present and, accordingly, if Plaintiff's allegations are deficient in some respect, Plaintiff asks that they be granted leave to amend her Complaint.

<u>**PRAYER**</u>

For at least these reasons, Plaintiffs respectfully request that Defendant's 12(b)(6) motion to dismiss be denied in its entirety. Alternatively, should this Court determine that Defendant's motion should be granted in some respect, Plaintiffs respectfully request that they be granted leave to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a). Generally, the courts allow Plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case under Rule 12(b)(6). *See Great Plains Trust Co.* v. *Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Plaintiffs further request all such other relief to which she may be entitled, by law or in equity.

Respectfully submitted,

/s/ Blerim Elmazi
Blerim Elmazi, Esq.
State Bar No. 24118375
MERRITT LAW FIRM, LLC
1910 Pacific Ave Suite 8000
Dallas, TX. 75021
blerim@leemerrittesq.com

/s/ Stacy Lee Merritt
Stacy Lee Merritt, Esq.
MERRITT LAW FIRM, LLC
1910 Pacific Ave Suite 8000

PLAINTIFFS' RESPONSE TO DEFENDANT'S                                    Page 8
MOTION TO DISMISS

Dallas, TX. 75021
lee@leemerrittesq.com

/s/ Shayan Elahi
Shayan Elahi, Esq.
State Bar No. 24080485
LAW OFFICES OF SHAYAN ELAHI
13601 Preston Road Suite E770
Shayan@elahilawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Blerim Elmazi*
**Blerim Elmazi**