UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LA'SHADION SHEMWELL, § <br> in his official capacity as a city council § <br> member, and in his individual capacity as § <br> a voter in District 1, and FLORINE § <br> HENRY, and DEBRA FULLER, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> CITY OF MCKINNEY, TEXAS, § <br> § <br> Defendant. § | Civil Action Complaint <br><br> Civil Action No. 4:20-cv-00687-SDJ <br><br> JURY DEMAND |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE/OPPOSITION TO DEFENDANT CITY OF MCKINNEY'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of McKinney, Texas ("Defendant" or "City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and this Court's Local Rule CV-7(a)(1), files this reply to Plaintiffs' Response/Opposition to Defendant's Motion to Dismiss ("Response"). For the reasons stated herein and in Defendant's Motion to Dismiss, Plaintiffs' arguments are without merit and Plaintiffs' Original Complaint ("Complaint") should be dismissed for failure to state a claim upon which relief can be granted.

**I.   PROCEDURAL BACKGROUND - UPDATE**

Defendant's Motion to Dismiss Under Rule 12(b)(6) and Brief in Support ("Motion") was timely filed on October 5, 2020. (Dkt. #3). The next day, October 6, 2020, this Court issued its Order setting the Motion for a hearing this Thursday, October 22, 2020, at 9:30 a.m. (Dkt. #4). The Court duly noted that although "[Plaintiffs had requested] injunctive relief concerning the

recall election involving Plaintiff La'Shadion Shemwell (Dkt. #1 at 16)," they had failed to file a motion for a preliminary injunction as required by Local Rule CV-65.[1] *See* Order (Dkt. #4 at 1). The Court therefore ordered Plaintiffs, if they were seeking injunctive relief before the recall election to be held November 3, 2020, to file the requisite motion for a preliminary injunction on or before October 9, 2020. *Id*. If Plaintiffs filed such a motion, it was to be heard at the October 22, 2020 hearing on the City's Motion. *Id*.

Plaintiffs either failed or elected not to file a motion for a preliminary injunction; the October 9, 2020 deadline passed without any action taken by Plaintiffs, and no such motion has been filed as of the time of the filing of this Reply. (Dkt., *passim*). Early voting in Texas started on October 13, 2020. (Dkt #3 at 17, fn. 12).[2]

## II.   ARGUMENT AND AUTHORITIES

As an initial observation, it bears noting that Plaintiffs' Response utilizes more space presenting the standards for withstanding a motion to dismiss and the reasons why Plaintiffs should be allowed to replead their claims than rebutting the arguments in the City's Motion. (Dkt. #1, *passim*). That notwithstanding, because the Response fails to sustain or support Plaintiffs' claims, the Complaint should be dismissed.

---

[1] Plaintiffs in their Complaint requested that the Court:

> B. Enjoin Defendant from conducting the recall election during the November 2020 cycle while it considers this Complaint[; or]
>
> C. Alternatively, limit the eligible voters in the recall election to just the voters of District 1.

(Dkt. #1 at 16).

[2] https://www.votetexas.gov/mobile/voting/when.htm

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE/OPPOSITION TO
DEFENDANT CITY OF MCKINNEY'S MOTION TO DISMISS - Page 2**

A.  **Plaintiffs' cause of action under 42 U.S.C. § 1983 fails to state a claim for relief**

   1. **Plaintiffs have failed to plead, and cannot plead, facts to show that any action by the City was the "moving force" behind their alleged injuries**

Plaintiffs claim they have "established municipal liability under § 1983" and that they "can establish 'moving force' causation connecting the City's actions" to discriminatory acts. (Dkt. #8 at 4). To support their claim, Plaintiffs point to a single piece of "evidence" allegedly reflecting actions of the Mayor that are not alleged in the Complaint, that are not alleged to be unlawful, that Plaintiffs admit fall within the Mayor's rights as an individual citizen, that are not alleged to be tied in any way to an official policy, practice, custom, or usage of the City, and that are not tied to the action of any other member of the City's policymaking governing body, the McKinney City Council. (Dkt. #8 at 4-5). Plaintiffs have failed to articulate or identify – and therefore have failed to *plead* – a causal connection between the City's policymaker, the City Council, and the injury allegedly sustained by them, which was the result of a citizen-driven recall petition submitted to the City that set into motion the recall process provided under the McKinney City Charter. (Dkt. #1, *passim*; Dkt. #8 at 4-5).[3] They cite absolutely no case law or other authority – *none* – for the position they take concerning any alleged wrongdoing by the City or City liability under § 1983, and they dismissively move on to their next claim, the City's alleged violation of Section 2 of the Voting Rights Act, "the larger accusation against the city" (Dkt. #8 at 5)[4] and the claim they abandoned, certainly in part, by not filing a motion for a preliminary injunction to stop the November recall election.

---

[3] Plaintiffs undercut their own argument thereafter by conceding that the "(i)ndependent citizenry has the right to recall…" and further stating that "the city council had the authority to amend the charter once the petition was received and accepted by the city secretary,…" ((Dkt. #8 at 5-6).

[4] Plaintiffs also refer to the City's argument against § 1983 liability as "a red hearing" (sic) designed to deflect from violations alleged under the Voting Rights Act. (Dkt. #8 at 5).

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE/OPPOSITION TO
DEFENDANT CITY OF MCKINNEY'S MOTION TO DISMISS - Page 3**

**B.	Section 2 of the Voting Rights Act does not apply to recall election cases**

Of all the cases cited by the City concerning Plaintiffs' Voting Rights Act cause of action, Plaintiffs focus solely on "(t)he case most relied on by the city," *McBride v. City of Jasper,* 2011 WL 13249480, at *2 (E.D. Tex. Oct. 20, 2011), an opinion from which they embrace judicial dicta concerning attenuated issues not before that court and issues on which that court did not rule ("A violation … could possibly arise if…"). (Dkt. #8 at 6-7).

Of course, the City in its Motion did cite *McBride* (Dkt #3)*,* which held that courts generally are reluctant to apply the Voting Rights Act to the petition process, and which identified three different circuit courts of appeals that have held the Act does not apply to voter-initiated petitions. *See McBride,* 2011 WL 13249480, at *8-10; *Padilla v. Lever*, 463 F.3d 1046, 1050-53 (9th Cir. 2006); *Montero v. Meyer*, 861 F.2d 603, 607-09 (10th Cir. 1988); *Delgado v. Smith*, 861 F.2d 1489, 1492-93 (11th Cir. 1988). The *McBride* court stated it was "unaware of any court that has addressed whether a charter violates § 2 of [the Act] by allowing citizens, on an at large basis, to subject the elected representatives of a single-member district to a recall election, and Plaintiffs have failed to cite such a case." *McBride,* 2011 WL 13249480, at *8.

The *McBride* court also cited *Smith v. Winter*, 717 F.2d 191 (5th Cir.1983), which it concluded "has only suggested that 'allegations of improper conduct in the application of the recall process [would have to be liberally] construed to implicate rights arising under [§] 2.'" *McBride,* 2011 WL 13249480, at *8. The *Smith* court, notably, "considered the scope of the 'right to vote' within the meaning of [the Act] and concluded that it 'stops short of any absolute right to resist recall from office'"; rather, the "right[ ] to vote," it held, "[is] consummated and made effective in the election." *Id.* at *9; *Smith*, 717 F.2d at 199. The *McBride* court held that the plaintiffs' claim

failed because "this issue is unresolved, especially in the Fifth Circuit." *McBride,* 2011 WL 13249480, at *10.

Plaintiffs here have failed to offer any authority to contradict the holding in *McBride* or to support an argument that *McBride* or any cases cited in the Motion are somehow inapplicable in this instance. (Dkt. #8, *passim*). Plaintiffs abandoned their claim for injunctive relief to enjoin the November recall election and they have no viable cause of action under the Voting Rights Act. This Court, therefore, should dismiss Plaintiffs' Complaint in its entirety, with prejudice.

### III.   REQUEST FOR RELIEF

For the reasons stated above, Defendant City of McKinney, Texas, respectfully requests that the Court grant its Motion, dismissing all of Plaintiffs' claims against it based on the pleading deficiencies of the Complaint and Plaintiffs' failure to cite any authority in support of those claims, as well as pertinent Fifth Circuit precedent that expressly rejects Plaintiffs' claims under the Voting Rights Act. The City also prays for any additional relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**
State Bar No. 09791700
khofmeister@bhlaw.net
**Robert F. Brown**
State Bar No. 03164725
rbrown@bhlaw.net
**Michael L. Martin**
State Bar No. 24108956
mmartin@bhlaw.net
**BROWN & HOFMEISTER, L.L.P.**
740 East Campbell Road, Suite 800
Richardson, Texas 75081
(214) 747-6100 (Telephone)
(214) 747-6111 (Telecopier)

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE/OPPOSITION TO
DEFENDANT CITY OF MCKINNEY'S MOTION TO DISMISS - Page 5**

**William W. Krueger, III**
State Bar No. 11740530
wkrueger@kruegerlaw.org
THE LAW OFFICE OF
WILLIAM W. KRUEGER III, PC
2100 Alamo Road, Suite T
Richardson, Texas 75080
(214) 253-2600 (Telephone)
(214) 253-2626 (Telecopier)

*Attorneys for Defendant City of McKinney, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court.

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**