UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LA'SHADION SHEMWELL, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-687-SDJ |
| | § | |
| CITY OF MCKINNEY, TEXAS | § | |

## ORDER ON SUPPLEMENTAL BRIEFING

Before the Court is Defendant City of McKinney, Texas's ("the City") Motion to Dismiss Under Rule 12(b)(6) and Brief in Support. (Dkt. #3). Plaintiffs filed a response in opposition, (Dkt. #8), to which the City filed a reply, (Dkt. #9). After a hearing on the motion in which the Court requested additional briefing, the parties filed supplemental briefs. (Dkt. #12, #13).

Plaintiffs' complaint seeks declaratory and injunctive relief for claims brought under the Fourteenth and Fifteenth Amendments as well as the Voting Rights Act. Many of Plaintiffs claims appear directed at the City's alleged intentional dilution of minority voters, who comprise a majority of District 1, for the purpose of securing Plaintiff Shemwell's recall. After Plaintiffs declined to seek preliminary injunctive relief, the recall election took place on November 3, 2020. In its supplemental brief, the City represents to the Court that a majority of voters in McKinney—including a majority of voters in the majority–minority District 1—voted in favor of recalling Plaintiff Shemwell. Accordingly, the Court requests supplemental briefing on which, if any, of Plaintiffs' claims are now moot. In their supplemental briefs, the parties

1

should identify which, if any, claims and requested remedies remain for the Court to decide.

In the event that Plaintiffs' Voting Rights Act claim is not moot, the City has raised several alleged legal deficiencies regarding the application of the Voting Rights Act to this case and urges the Court to dismiss Plaintiffs' Voting Rights Act claim on those grounds. The City has not, however, raised the potential insufficiency of Plaintiffs' factual allegations under *Thornburg v. Gingles*, 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1985). The Court now raises that issue sua sponte. *See Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F.App'x 274, 276 (5th Cir. 2015) (per curiam) ("A district court may 'consider the sufficiency of the complaint on its own initiative.'" (quoting *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991))). The Court requests supplemental briefing on the issue of whether Plaintiffs' complaint sufficiently pleads the elements of a vote-dilution claim under *Gingles*.

It is therefore **ORDERED** that, on or before **December 2, 2020,** the parties must file supplemental briefs of no more than ten pages addressing the issues described in this Order.

**So ORDERED and SIGNED this 17th day of November, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE