# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 19, 2023

Mr. David O'Toole
Eastern District of Texas, Sherman
101 E. Pecan Street
Federal Building
Room 216
Sherman, TX 75090-0000

    No. 21-40798   Shemwell v. McKinney, Texas
    USDC No. 4:20-CV-687

Dear Mr. O'Toole,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

    Sincerely,

    LYLE W. CAYCE, Clerk

    By: _____
    Dantrell L. Johnson, Deputy Clerk
    504-310-7689

cc:
    Mr. Daniel Basham
    Mr. Shayan Elahi
    Mr. Blerim Elmazi
    Mr. Kent S. Hofmeister
    Mr. William Wayne Krueger, III
    Mr. Michael Martin
    Mr. Edwin Armstrong Price Voss, Jr.

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 28, 2023
Lyle W. Cayce
Clerk

No. 21-40798

LA'SHADION SHEMWELL, *in his official capacity as a city council member, and in his individual capacity as a voter in District 1*; DEBRA FULLER,

        *Plaintiffs—Appellants*,

*versus*

MCKINNEY, *Texas City of*,

        *Defendant—Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CV-687

---

Before RICHMAN, *Chief Judge*, ELROD, and OLDHAM, *Circuit Judges*.

## JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellants pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

Certified as a true copy and issued
as the mandate on Apr 19, 2023

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 28, 2023
Lyle W. Cayce
Clerk

No. 21-40798

LA'SHADION SHEMWELL, *in his official capacity as a city council member, and in his individual capacity as a voter in District 1*; DEBRA FULLER,

*Plaintiffs—Appellants,*

*versus*

MCKINNEY, *Texas City of,*

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CV-687

---

Before RICHMAN, *Chief Judge,* ELROD, and OLDHAM, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellants pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

Certified as a true copy and issued
as the mandate on Apr 19, 2023

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2023

Lyle W. Cayce
Clerk

No. 21-40798

---

La'Shadion Shemwell, *in his official capacity as a city council member, and in his individual capacity as a voter in District 1*; Debra Fuller,

*Plaintiffs—Appellants*,

*versus*

City of McKinney, Texas,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CV-687

---

Before Richman, *Chief Judge*, and Elrod and Oldham, *Circuit Judges*.
Per Curiam:

In May 2017, La'Shadion Shemwell was elected to the McKinney City Council. But Shemwell's term was cut short when the voters recalled him in November 2020. Shemwell seeks a declaration that McKinney's voting procedures are unlawful. We hold, however, that the case is moot.

No. 21-40798

I.

A.

The City of McKinney, Texas is a home-rule municipality governed by its City Charter and the McKinney City Council. The Council has seven members: a Mayor, two Council Members at Large, and Council Members from Districts 1, 2, 3, and 4. MCKINNEY, TEX., CODE OF ORDINANCES, part I, ch. 3, § 9 [hereinafter MCKINNEY CODE]. The four District Council Members are elected by single-member districts. And the other three seats are voted on by the entire city. All council members serve four-year terms. MCKINNEY CODE § 9.

La'Shadion Shemwell (who is Black) was elected in 2017 to represent District 1, the only majority-minority District in McKinney. Shemwell campaigned to knock down a confederate statue in the town square, made public statements accusing McKinney police of arresting him because of his race, and declared a "Black State of Emergency" after a 2019 police shooting. Shemwell claims his activism "caused friction between [himself], the mayor and other council members, all of whom are white," and motivated those same city officials to do everything in their power to recall Shemwell.

By December 2019, the requisite number of voters petitioned to recall Shemwell. The petition was certified on January 7, 2020, and a recall election was scheduled for May 2, 2020. But the vote was delayed to November in accordance with Governor Abbott's COVID-19 guidance. On November 3, 2020, a majority of McKinney voters—and two-thirds of District 1 voters—recalled Shemwell. The election was the first and only recall effort in the McKinney Council's more than sixty-year history.

Shemwell claims that the McKinney recall election procedures violate the Fourteenth and Fifteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Section 2 of the Voting Rights Act.

2

Case 4:20-cv-00687-SDJ Document 257 Filed 04/19/23 Page 6 of 12 PageID #: 2196
Case: 21-40798 Document: 00516717142 Page: 3 Date Filed: 04/19/2023

No. 21-40798

Specifically, he takes issue with two City Charter amendments that were passed in May 2019. First, McKinney voters reduced the number of signatures required to initiate a recall election and extended the time to collect signatures. MCKINNEY CODE § 145. Second, McKinney voters clarified that all recall elections would be voted on by all McKinney voters, regardless of whether the Council Member on the recall ballot represented a single-member district or held an at-large seat. MCKINNEY CODE § 146.

B.

This is the second of two lawsuits Shemwell filed against the City in 2020. Shemwell filed the first on January 20, 2020, both as a council member and in his individual capacity as a District 1 voter. He raised substantially the same claims as he does in the present case and sought injunctive and declaratory relief. He voluntarily dismissed that lawsuit on March 13, 2020—two months before the initially scheduled May recall election. Soon after Shemwell dismissed the suit, the recall election was postponed to November 2020.

Then, six months after dismissing his first lawsuit and two months before his recall election, Shemwell filed this suit on September 13, 2020. He asserts the same claims, this time with an additional plaintiff—Debra Fuller, a Latina District 1 voter.[1] The City filed its motion to dismiss on October 5, 2020, and the district court scheduled a hearing on the motion for October 22, 2020. The court also noted in its Order that Shemwell and Fuller had "inexplicably failed to file a motion for a preliminary injunction" and instructed plaintiffs to file a preliminary injunction motion on or before October 9 if they wanted the court to consider the motion at the October 22

---

[1] There was also a third plaintiff—Florine Henry—but she voluntarily dismissed her claims on December 9, 2020.

No. 21-40798

hearing. Shemwell and Fuller never filed the motion. Plaintiffs later clarified they were no longer seeking injunctive relief regarding the November 3 election—only declaratory relief.

Following the hearing on the motion to dismiss, the parties traded additional briefs on issues raised at the hearing. Then, after the November 3 recall election, the district court requested supplemental briefing on whether Shemwell and Fuller's claims were moot. On September 27, 2021, the district court held the case moot, declined to apply the "capable of repetition, yet evading review" exception, and granted the City's motion to dismiss without prejudice.

Shemwell and Fuller timely appealed. We have jurisdiction under 28 U.S.C. § 1291. "A district court's Rule 12(b)(1) dismissal is reviewed de novo, as are legal questions relating to standing and mootness." *Deutsch v. Travis Cnty. Shoe Hosp., Inc.*, 721 F. App'x 336, 339 (5th Cir. 2018) (citing *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 421 (5th Cir. 2013)). All well-pleaded facts are accepted as true and "viewed in the light most favorable to the plaintiff." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013). And "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," so "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

II.

The sole issue on appeal is whether the November 2020 recall election mooted Shemwell and Fuller's claim for prospective declaratory relief. We (A) explain why the November 2020 election mooted this case. Then we (B) hold that Shemwell and Fuller fail to satisfy the "capable of repetition, yet evading review" mootness exception.

4

No. 21-40798

A.

Our justiciability doctrines—including mootness—are rooted in the Constitution. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "Under Article III of the Constitution this [c]ourt may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). Accordingly, "[w]hether a case or controversy remains live throughout litigation is a jurisdictional matter." *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 369 (5th Cir. 2020); *see also United States v. Juv. Male*, 564 U.S. 932, 936 (2011) (per curiam). Reframed in the familiar taxonomy of standing and ripeness, "this means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). Or, as the Court has sometimes articulated the interplay among the justiciability doctrines, "standing generally assesses whether [the requisite] interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021).

So if a plaintiff's stake in a lawsuit falls away, so too does our subject-matter jurisdiction. Shemwell lost a legally cognizable interest in this case when the election ended on November 3, 2020. Even after that date, Shemwell continued to request *only* prospective declaratory relief, but he no longer faced an "actual or imminent" injury that could be prospectively declared.[2] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v.*

---

[2] The mootness analysis would be different if Shemwell and Fuller were instead asking the district court to invalidate the November 2020 election. "Invalidation of a past election can, in some instances, be a viable remedy that will save a claim from mootness even if the election has passed." *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010). But invalidation is an "extraordinary remedy" reserved for the most "exceptional

*Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Shemwell—in his official capacity—failed to claim or prove that he was likely to run again for District 1, win, and face the allegedly unlawful recall provisions. And Shemwell and Fuller—in their capacity as voters—failed to claim or prove that there was more than a "abstract or hypothetical" possibility that they would ever vote in another recall election of a District 1 Council Member.[3] *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008) (quotation omitted). Especially considering that Shemwell's recall election was the first and only recall effort launched in the McKinney Council's more than sixty-year history, the possibility of another District 1 recall is remote. *See Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010) ("[T]his is an event that may not occur as anticipated, or indeed may not occur at all, which means that the claim is merely abstract or hypothetical, and thus too speculative to be fit for judicial review at this time." (quotation omitted)).

As such, any judgment issued after the recall election would have been an impermissible advisory opinion. *See City of Erie v. Pap's A.M.*, 529 U.S.

---

circumstances," so it is likely inapplicable here, even if Shemwell and Fuller had moved for it. *Id.*

[3] For the first time on appeal, Shemwell and Fuller assert that "[t]he possibility of recalling a single-district city council member would weigh heavily on any Black or Latino candidate considering a campaign for city council." But to the extent that this harm is sufficiently concrete, particularized, actual, and imminent to support standing, such claim is nowhere in the complaint—which is instead entirely about the dilutive effect of the City's recall provisions. Besides, it is doubtful such vague assertions would support standing without, for example, a statement of a Black or Latino District 1 citizen who has been dissuaded from running for City Council. *See Lujan*, 504 U.S. at 565 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the 'some day' will be—do not support a finding of the 'actual or imminent' injury that our cases require.").

277, 287 (2000) ("In [a moot] case, any opinion as to the legality of the challenged action would be advisory.").

B.

The Supreme Court has recognized a handful of exceptions to mootness that apply in "exceptional situations." *Spencer*, 523 U.S. at 17 (1998). As relevant here, a dispute that would otherwise be moot is saved if it is "capable of repetition, yet evad[es] review." *See S. Pac. Terminal Co. v. Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911). The exception applies when (1) "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration" and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (quotation omitted). Plaintiffs must prove both to overcome mootness. *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010). If a court finds that plaintiff failed to meet their burden under either prong, it need not address the other. *E.g.*, *Empower Texans*, 977 F.3d 367 (deciding only the first prong).

The parties focus the bulk of their briefs on prong two, but prong one is enough to decide this case. To the extent Shemwell and Fuller's claims evaded review, it was their own doing. That is true for two independently sufficient reasons.

First, Shemwell never included a claim for damages. Damages are a form of backwards-looking relief that can prevent a claim from becoming moot. *See, e.g.*, 13C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3553 (3d ed., April 2022 update) [hereinafter WRIGHT & MILLER]; *Alvarez v. Smith*, 558 U.S. 87, 94 (2009) ("[S]ince those who are directly affected by the forfeiture practices might bring damages actions, the practices do not 'evade review.'"); *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 8–9 (1978) (relying on the

7

No. 21-40798

availability of a damages claim to avoid addressing the mootness exceptions); *Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020) (same). Shemwell did not even attempt to show that he incurred damages based on the City's allegedly unlawful recall.

Second, plaintiffs repeatedly abandoned their claims for injunctive relief—and never pursued expedited relief—between when they first filed suit (January 2020) and the recall election (November 2020). It is well settled that a party cannot sit on his or her rights and then claim the case evaded review. *See, e.g.*, 13C WRIGHT & MILLER § 3553.8.2 ("The most obvious remedies are interlocutory injunctions, stays, and expedited appeals."). As relevant here, our precedent requires that a plaintiff "diligently use the tools it had to get more thorough, even if not complete, review of [its] claim" before a court will find that the now-moot claim "evaded review." *Empower Texans*, 977 F.3d at 371. For example, in *Empower Texans Inc. v. Geren*, plaintiffs were denied media press cards for the 86th Texas Legislative Session. 977 F.3d at 368. But because plaintiffs did not file suit until six weeks before the end of the session, delayed in seeking a preliminary injunction until just eleven days before the end of the session, and never moved for expedited review, we held that they could not "complain that the dispute has evaded review." *Id.* at 370-73. Put simply, "A party seeking to continue litigation after time has run out should not be allowed to do so when it failed to use the time it had." *Id.* at 372. Plaintiffs here so failed and therefore are so barred.

Appellants claim their lethargy is irrelevant because some precedents have suggested the "evading review" prong of the "capable of repetition" mootness exception is "easily satisfied" in election cases. *E.g.*, *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) ("Controversy surrounding election laws . . . is one of the paradigmatic circumstances in which the Supreme Court has found that full litigation can never be completed before the precise controversy (a particular election) has

8

run its course."); *Moore v. Hosemann*, 591 F.3d 741, 744 (5th Cir. 2009) ("Election controversies are paradigmatic examples of cases that cannot be fully litigated before the particular controversy expires."). We disagree. While it is true that the timing of elections can create litigation challenges, neither our court nor the Supreme Court has ever created a blanket rule for election cases. *See Empower Texans*, 977 F.3d at 370 ("We do not interpret [our precedent] to have established a calendar for evading review.").

Shemwell and Fuller twice abandoned their claims for injunctive relief, never pursued expedited discovery, and declined the district court's *sua sponte* invitation to consider injunctive relief. Moreover, whereas the *Empower Texas* plaintiffs had a window of less than five months—the duration of the 86th Legislative Session—to assert their claims, Shemwell and Fuller had *ten*. Shemwell and Fuller cannot now avoid mootness by saying their claims evaded review. "When time is of the essence, a party must act like it." *Empower Texans*, 977 F.3d at 373.

AFFIRMED.